AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Feb 9, 2026 8:43 AM
Lucy H. Carrillo, Clerk of Court

United States of America
v.
RONALD CAMARAO

*Defendant(s)*

Case No. MJ 26-00102 RT
MJ26-00XXX RT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __FEBRUARY 6, 2026__ in the county of __HONOLULU__ in the
_____ District of __HAWAII__, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 2252A(a)(1) | Transportation of Child Pornography |

This criminal complaint is based on these facts:
See attached Affidavit in Support of Criminal Complaint.

☒ Continued on the attached sheet.

*Complainant's signature*

Special Agent Kayla Galvan, HSI
*Printed name and title*

Sworn to wider oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1 (b )(2).

Date: February 7, 2026

City and state: Honolulu, Hawaii



Rom A. Trader
United States Magistrate Judge

# AFFIDAVIT IN SUPPORT OF AN
# ARREST WARRANT AND A CRIMINAL COMPLAINT

I, Kayla Galvan, a Special Agent with the Homeland Security Investigations, being duly sworn, depose and state as follows:

## Affiant Background

1. I am a Special Agent (SA) with Homeland Security Investigations (HSI) and have been since May of 2023. I am currently assigned to the HSI Office in Honolulu, Hawaii, where I am assigned to the Cyber Group. I have attended and successfully completed the Criminal Investigator Training Program (CITP) and the HSI Special Agent Training Program (HSISAT) located at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. Specifically, I have had training in various investigative areas to include "cyber crimes," "dark web," and child exploitation.

2. I have investigated criminal violations related to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. Additionally, I have participated and assisted in the service of search warrants, interviews, and other investigative activities involving child exploitation and/or child pornography offenses.

3. The statements contained in this affidavit are based on my personal knowledge, as well as information provided to me by other law enforcement

officers and personnel. This affidavit is being submitted for the limited purpose of establishing probable cause for the filing of a criminal complaint, and I have not included each and every fact known to me concerning this investigation.

4. This affidavit is made in support of a criminal complaint and arrest warrant for Ronald CAMARAO, date of birth 03/22/1960, for violation of 18 U. S. C. § 2252A(a)(1), Transportation of Child Pornography.

## PROBABLE CAUSE

5. Prior to his arrival in the United States on February 6, 2026, CAMARAO was identified by Customs and Border Protection (CBP) based on a review of financial information that indicated CAMARAO may be involved in the purchase of CSAM online.

6. On February 6, 2026, based on the aforementioned information, CBP conducted an inbound border search inspection when CAMARAO arrived in Honolulu, Hawaii aboard flight PR 100 from Manila, Philippines.

7. CBP discovered CAMARAO to be in possession of an Apple iPhone 13 Pro Max (the "SUBJECT DEVICE"), and conducted a manual review of the SUBJECT DEVICE. CBP identified possible CSAM on the SUBJECT DEVICE and subsequently notified HSI Honolulu.

8. HSI Honolulu responded to the notification and arrived at the Daniel K. Inouye International Airport shortly thereafter. Subsequently, HSI Honolulu

was shown the possible CSAM on the SUBJECT DEVICE. Your Affiant manually reviewed one video located within the "Recently Deleted" folder in the native "Photos" application found on Apple devices.[1] Your Affiant determined this video, based on their training and experience, to meet the federal definition of Child Pornography. The video was approximately 2 minutes and 17 seconds long and depicted a prepubescent girl who was performing oral sex on an adult male. The girl is estimated to be prepubescent due to her small body size and lack of breast development. The male was laying on his back fully naked, and the girl was positioned to the side of the male. The video was taken from the point of view of the adult male, who cannot be identified in the video because his face is not shown. The girl can be seen performing oral sex on the adult male for much of the duration of the video. When listening to the audio, the adult male can be heard speaking in English.

9.  On February 6, 2026, at approximately 1208 hours, HSI Honolulu conducted a custodial interview of CAMARAO during which CAMARAO was read a Statement of Rights Form. CAMARAO waived those rights and agreed to speak freely.

---

[1] Based on my training and experience, I am aware that Apple devices retain deleted photos and videos for 30 days where they are stored in the album "Recently Deleted," and reflect how many days until permanent deletion. During this time, they can be recovered, or alternatively, the user can manually delete the photo/video retained to bypass the 30 day waiting period.

3

10. In sum and substance, CAMARAO explained that there is a lot of emails and texts that he receives which contain child pornography but stated he immediately deletes these when he receives them. CAMARAO stated this is very common in the Philippines. CAMARAO denied downloading these files. When initially asked about the child pornography video described previously in this affidavit, CAMARAO recalled seeing the video briefly, deleting it, and not recognizing the girl in the video. CAMARAO denied any sexual contact with minors, but admitted that he lived in a multi family residence in the Philippines, in which multiple children also lived.

11. After the above-described portion of the interview, your Affiant and another agent conducted further manual review of the iPhone and found other pictures in the Photos app that did not contain CSAM, but depicted a similar bedroom as that depicted in the CSAM video, which was identifiable by what appeared to be the same dresser and an educational poster on the wall. Additionally, your Affiant and another agent reviewed the CSAM video with the audio on, and concluded that the adult male voice from the CSAM video was the same or similar to that of CAMARAO.

12. After discovering these additional photographs, your Affiant and another agent continued the interview with CAMARAO, during which:

  a. CAMARAO confirmed to agents that the images in his photo gallery (which matched the CSAM video) depicted the interior of his bedroom in the Philippines.

  b. When CAMARAO was made aware that these images in his photo gallery appear to depict the same room that the CSAM video appears to be taken in, CAMARAO stated, "Well, that's my bedroom then, right?"

  c. When asked again about who was present in the video, CAMARAO responded, "I'm not sure, looked like [REDACTED]", which was the name of one of the minors that CAMARAO stated lived in his house.

13. On the same date, CBP seized the SUBJECT DEVICE due to the presence of contraband on the SUBJECT DEVICE and subsequently turned over the device to Homeland Security Investigations.

//

//

//

//

//

14. Based on the foregoing, there is probable cause to believe that from on or about February 6, 2026 in the District of Hawaii and elsewhere, CAMARAO did knowingly transport and possess visual depictions using a means and facility of interstate and foreign commerce, where the production of the visual depictions involved the use of a minor engaged in sexually explicit conduct and the visual depiction was of that conduct, all in violation of 18 U. S. C. § 2252A(a)(1)(A), Transportation of Child Pornography.

*Kayla Galvan*
Kayla Galvan
Special Agent
Homeland Security Investigations

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime(s) found to exist by the undersigned Judicial Officer at 12:32 p.m. on February 7, 2026, at Honolulu, Hawaii.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed. R. Crim. P. 4.1(b)(2), this 7th day of February, 2026, at Honolulu, Hawaii.



Rom A. Trader
United States Magistrate Judge